IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cr-110 |
| v. | JUDGE ALGENON L. MARBLEY |
| EDWARD CHARLES ROBINSON, | |
| Defendant. | |

## OPINION & ORDER

This motion comes before the Court on Motion to Dismiss Indictment by Defendant Edward Charles Robinson. (ECF No. 22). The United States filed a Response in Opposition to Defendant's Motion. (ECF No. 23). For the following reasons, this Court **DENIES** Defendant's Motion.

On November 19, 1991, Defendant was arrested and charged in Suffolk County, New York with Rape 1st Degree: intercourse with a person less than eleven years old in violation of 130.35 SUB 03. (ECF No. 1 at ¶ 4). On February 18, 1992, Defendant was convicted of this crime and was sentenced to serve 3-9 years in prison as a level two sex offender. *Id* at ¶ 5. As part of his conviction, Defendant was required to register as a sex offender for life as required by the Sex Offender Registration and Notification Act (SORNA). *Id.* In 2015, Defendant registered as a sex offender in New York and provided an address. *Id* at ¶ 7. In 2016, Defendant changed his address by signing the New York State Sex Offender Change of Address Form. *Id.* Later that year, a failure notification was sent to the Suffolk County Police Department to notify them that Defendant did not update his sex offender registration. *Id* at ¶ 8. Another failure notification was sent in November 2017. *Id* at ¶ 9.

In February 2018, the case was referred to the United States Marshall's Service because Defendant's location was unknown. *Id* at ¶ 10. Additional investigation revealed Defendant had

1

an identification card and an address in Pickaway County, Ohio but had not registered as a sex offender there. *Id* at ¶ 11-12.

On May 31, 2018, Defendant was indicted for knowingly failing to update his sex offender registration as required by SORNA after travelling in interstate commerce in violation of 18 U.S.C. § 2250(a). (ECF No. 12). On September 17, 2018, Defendant filed a Motion to Dismiss Indictment alleging SORNA was an unconstitutional delegation to the Attorney General. (ECF No. 22). Within this motion, Defendant requested this Court to defer a ruling until the Supreme Court issued an opinion in *Gundy v. United States*, No. 17-6086. The United States filed a Response in Opposition citing Sixth Circuit precedent that contradicted Defendant's arguments, even before *Gundy*. (ECF No. 23). This Court held Defendant's Motion to Dismiss in abeyance awaiting a decision on *Gundy*. (ECF No. 24). On June 20, 2019, the Supreme Court issued its opinion in *Gundy*. The parties filed a joint notice regarding Defendant's Motion to Dismiss and advised this Court that this matter can be scheduled for trial. (ECF No. 27).

Rule 12(b) of the Federal Rules of Criminal Procedure guides a Motion to Dismiss. Rule 12(b)(1) prescribes that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." District courts have the authority to "dispose of motions before trial if they are capable of determination without trial of the general issue." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). If a court finds that the undisputed evidence cannot prove a defendant's culpability beyond a reasonable doubt, the court can dismiss the indictment. *United States v. Levin*, 973 F.2d 463, 466 (6th Cir. 1992).

In the instant case, Defendant argues the United States cannot meet its burden of proving his culpability beyond a reasonable doubt because SORNA is an unconstitutional delegation of Congress's power to the Attorney General. (ECF No. 22). The nondelegation doctrine provides

2

that Congress "may not transfer to another branch 'powers which are strictly and exclusively legislative.'" *Gundy*, slip op. at 4. Defendant asserts that Congress's delegation to the Attorney General to decide SORNA's applicability to offenders convicted before the act was instituted is a violation of that doctrine. However, the United States argues there is Sixth Circuit precedent that directly contradicts Defendant's position.

The Sixth Circuit has held "Congress' delegations under SORNA possess a suitable 'intelligible principle' and are 'well within the outer limits of [the Supreme Court's] nondelegation precedents.'" *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012). The Supreme Court agreed, noting in *Gundy* that, "under § 20913(d), the Attorney General must apply SORNA's registration requirements as soon as feasible to offenders convicted before the statute's enactment. That delegation easily passes constitutional muster." Slip op. at 1.

Because both the Supreme Court and the Sixth Circuit have held that SORNA is not unconstitutional under the nondelegation doctrine, Defendant's Motion to Dismiss Indictment is hereby **DENIED**.

**IT IS SO ORDERED.**

                                                      _s/ Algenon L. Marbley_
                                                    **ALGENON L. MARBLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**DATED: July 26, 2019**